**Warren B. KING, Petitioner,**

v.

**GENERAL SERVICES**
**ADMINISTRATION,**
**Respondent.**

No. 02–3179.

United States Court of Appeals,
Federal Circuit.

Feb. 13, 2003.

**506**

Before MICHEL, GAJARSA and DYK, Circuit Judges.

PER CURIAM.

Warren B. King appeals the decision of the Merit Systems Protection Board ("the Board") in which the Board dismissed as lacking jurisdiction the appeal of his reinstatement to a lower pay grade position after having served consecutive temporary appointments at a higher pay grade position. *King v. General Servs. Admin.*, 2001 M.S.P.B., No. CH–3443–01–0487–I–1 (M.S.P.B. Aug.30, 2001), *recons. denied*, No. CH–3443–01–0487–I–1 (M.S.P.B. Jan.09, 2002). Because the Board lacks jurisdiction over temporary promotions not to exceed one year, we *affirm*.

## BACKGROUND

Mr. King served as a Police Officer, a GS–08 position, with the General Services Administration's ("GSA's") Federal Protective Service ("Agency"). The Agency issued an announcement regarding a vacancy for a Supervisory Police Officer position, a GS–09/10 position. The Agency subsequently amended the announcement, advising the applicants that the position was now temporary, not to exceed one year, but with the potential of becoming permanent without further competition. The Agency made the position temporary because the Office of Personnel Management ("OPM") had imposed a moratorium on the hiring of permanent police officers pending a review of the pay grade structure of all GSA police officers nationwide. The amended announcement also revised the time periods during which applications could be filed and noted that prior applicants, people who had applied under the original announcement, need not reapply.

Mr. King applied for the Supervisory Police Officer position at the GS–09 level pursuant to the original announcement. The Agency selected Mr. King for the Supervisory position, for the one-year period, effective from June 7, 1998, to June 5, 1999. It provided Mr. King with written notice of the conditions and reasons for the time-limited promotion in accordance with 5 C.F.R. § 335.102(f)(1). The conditions stated that the position was temporary. Mr. King refused to accept the written conditions because they failed to reflect accurately that the position was only temporary pending OPM's pay-grade review. The Agency then revised the statement, removing a provision stating that the recipient "accepts this position with the above described pay grade condition on a voluntary basis," and Mr. King signed it.

On June 6, 1999, the Agency unilaterally extended Mr. King's promotion to Supervisory Police Officer for an additional one-year period to June 4, 2000. The Agency failed to notify Mr. King of the conditions of the time-limited promotion or the reasons for it in accordance with 5 C.F.R. § 335.102(f)(1).

On June 4, 2000, the agency placed Mr. King in his previous position, Police Officer, GS–08. Mr. King was not provided a copy of the OPM Standard Form 50 effecting his reinstatement. His only notice of the reversion was the decrease in pay. Mr. King contacted his immediate supervisors who were unaware of his demotion. Pending resolution of the matter, the Agency temporarily reinstated Mr. King to the supervisory position, for a two-month period which was to end on August 19, 2000. On August 20, 2000, the agency returned Mr. King to his previous position.

Mr. King filed a grievance with the GSA on September 15, 2000, alleging that the

Agency had improperly demoted him and reduced his pay. He requested that the Agency reinstate his pay grade to the GS–09 level with back pay. He also requested that the Agency further promote him to the GS–10 level because he was the only Sergeant in the region not at the GS–10 level. The GSA denied his grievance on grounds that a return to a lower pay grade from a temporary promotion "is not a grievable action."

On May 18, 2001, Mr. King appealed the GSA's action to the Board. In an order dated August 30, 2001, the Administrative Judge dismissed Mr. King's appeal for lack of jurisdiction because Mr. King did not meet the definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A). Mr. King filed a petition for review with the full Board. The Board denied the petition in an order dated January 9, 2002. Mr. King timely appealed from that decision.

## DISCUSSION

This court has jurisdiction over appeals from the Board in accordance with 5 U.S.C. § 7703(b)(1) (2000). We will affirm a Board decision unless it is:

(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703. We review the Board's conclusion concerning its own jurisdiction without deference. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (1998). Although we review *de novo* the Board's conclusion that it did not have jurisdiction over Mr. King's appeal, we are bound by the AJ's factual determinations unless those findings are not supported by substantial evidence. *See id.*

The Board has jurisdiction over appeals from agency decisions pursuant to 5 U.S.C. § 7701(a) (2000), which states that "[a]n employee . . . may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). Section 7511, in turn, defines "employee" with regard to agency actions that reduce an employee's grade or pay. *See* 5 U.S.C. §§ 7511–7513. Section 7511 provides that "[f]or the purpose of this subchapter 'employee' means an individual in the competitive service . . . who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. . . ." 5 U.S.C. § 7511. The Board's jurisdiction, therefore, depends on the factual characterization of Mr. King's supervisory position. If Mr. King's supervisory role converted into a permanent position upon the agency's failure to follow the regulatory guidelines contained in 5 C.F.R. § 335.102(f)(1), the Board has jurisdiction over his appeal.

Mr. King argues that his position became permanent when OPM maintained GS–08 police officer pay grades nationwide. He reasons that a written condition of his promotion dictated that the promotion would become permanent if OPM did not reduce the GS–08 police pay grades. No GS–08 officers lost their pay grade, and so he argues that the promotion became permanent upon his completion of more than one year of service. He further argues that the language of the announcement itself required that his position be converted to permanent because he served past the one year "not to exceed" date. Finally, Mr. King contends that his immediate supervisors specifically committed to permanently promoting him.

The Board found that the record does not support Mr. King's contentions. First,

the Board found that OPM's decision not to reduce any GS–08 level police officers' pay grades did not satisfy any conditions of Mr. King's temporary appointment which would require converting his position to a permanent one. *King,* CH–3443–01–0487–I–1, slip op. at 5 (MSPB Aug. 30, 2001). In so finding, the Board pointed to the agency's grievance denial letter, which stated that OPM had not lifted its hiring moratorium on GSA police officers. *See id.* Moreover, the Board noted the agency's rationale that the moratorium had created an insufficient number of GS–08 officers to sustain his promotion to the GS–09 level. *Id.* Next, the Board noted that the announcement notified candidates that the position may become permanent, not that it must become permanent. *Id.* at 2–4. The Board interpreted this permissive language as allowing, but not requiring the GSA to convert Mr. King's position to a permanent position. *Id.* Finally, the Board found that Mr. King's immediate supervisors did not have the authority to promote Mr. King permanently, noting that the Government is not bound by its agents' unauthorized actions. *Id.* at 5–6.

Based on these factual determinations, the Administrative Judge ("AJ") concluded that Mr. King's grievance concerned only temporary appointments limited to one year or less. *Id.* at 6. Reasoning that Mr. King had served three separate temporary appointments limited to one year or less, the AJ held that 5 U.S.C. § 7511 did not apply to Mr. King's case because it specifically excludes temporary appointments not to exceed one year. *Id.* The AJ further ruled that no other "law, rule, or regulation" vested the Board with jurisdiction under 5 U.S.C. § 7701. *Id.*

The scope of this court's jurisdiction does not allow us to review Mr. King's factual contentions *de novo.* Our limited inquiry allows us to examine only whether the Board properly interpreted the relevant statutes and whether the facts as it found them are supported by substantial evidence. Because the AJ's factual determinations are supported by substantial evidence, we must accept the Board's findings that Mr. King's promotions were a series of appointments to temporary positions limited to one year or less. *See Bolton,* 154 F.3d at 1316. Additionally, § 7511 unambiguously excludes people who have worked in a temporary appointment limited to one year or less. The Board therefore correctly interpreted § 7511(a)(1)(A)(ii) as specifically excluding Mr King from the definition of "employee." The board also correctly held that no other law, rule, or regulation deems Mr. King an "employee." [1]

## CONCLUSION

Because § 7701 vests the Board with jurisdiction only over appeals from "employees," the Board correctly held that it lacked jurisdiction to hear Mr. King's case. Accordingly, we affirm.

---

**1.** Mr. King does not argue that he is an "employee" within the definition provided by § 7511(a)(1)(A)(ii) by virtue of his permanent non-supervisory position of Police Officer, GS–083–08.